IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIC PATRICK HENRY,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF PUBLIC SAFETY AND<br>CORRECTIONAL SERVICES and<br>MARYLAND DIVISION OF CORRECTION,<br><br>    Defendants. | Civil Action No.:  PX-23-922 |

### MEMORANDUM OPINION

Plaintiff Eric Patrick Henry filed a Motion for Emergency Injunction on April 4, 2023. ECF No. 2.  Given the serious nature of Henry's allegations regarding his physical health, the Court directed the Maryland Department of Public Safety and Correctional Services ("DPSCS") to show cause why this Court should not grant the requested injunctive relief.  ECF No. 5.  DPSCS responded and Henry replied.  ECF Nos. 9 & 11.  The Court has reviewed the pleadings and finds a hearing unnecessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons discussed below, the Motion for Emergency Injunction will be denied.

I.  **Background**

Henry maintains that while in the custody of DPSCS, he has not been treated for his muscular dystrophy since 2018, in violation of his constitutional right to be free from cruel and unusual punishment.  ECF No. 1 at 2.  He complains of "[torturous] and inhumane pain" that is treated only with "psych meds."  ECF No. 2.  He feels like he is "dying." ECF No. 1 at 2.  As relief, Henry seeks monetary damages, a medical discharge, or evaluation for placement at a "facility equipped to treat my condition."  *Id.* at 3.

DPSCS, in response, demonstrates that Henry is enrolled in the Chronic Care Clinic ("CCC") which provides periodic evaluation and treatment for Henry's medical conditions, including muscular dystrophy. ECF No. 9-1. In CCC, Henry is seen at least once every three months by medical staff who "review and renew medications, screen for any new or developing symptoms and conditions, and address the patient's concerns." *Id.*

Particular to Henry, medical providers have examined him on ten separate occasions between January 1, 2023, and May 3, 2023. *Id.* Dr. Maksed Choudry examined Henry on January 4, 2023, and observed some wasting of Henry's shoulder but otherwise noted that Henry retained normal range of motion. ECF No. 9-2 at 34-38. Dr. Choudry prescribed baclofen, tegretol, and several other medications to treat Henry's muscular dystrophy and other conditions. *Id.*

Likewise, on March 6, 2023, Henry received medical attention for burning and numbness in his legs. ECF No. 9-2 at 28. Henry was seen again for a follow up provider visit on March 29, 2023. *Id.* at 24. On that date, Henry voiced concerns regarding muscle weakness and frequent falls, and he expressed that his father passed away from muscular dystrophy. *Id*. The provider noted that Henry was seen by neurology; "[h]e was recommended to have MRI of C spine which it states that he declines – uncertain, will reschedule to discuss next week as EMR is unavailable in segregated housing exam room." *Id.* Records also reflect that Henry was "recommended to have EMG which he received – no significant conduction abnormalities, and labs were to be collected. These labs ordered now." *Id.*

On April 26, 2023, Henry was again seen in the CCC for complaints of chronic pain, generalized muscle aches and spasms, and low back and ankle pain. *Id.* at 12. The provider requested a neurology and pain management consult, noting that Henry "continues to be followed

in the [CCC], and receives ongoing treatment – including pain management – for muscular dystrophy in addition to his other conditions." ECF No. 9-1 at 2, 15.

Preliminary injunctive relief is an extraordinary remedy, to be used sparingly, and only upon a showing of four well established factors: (1) likelihood of success on the merits; (2) irreparable harm absent preliminary injunctive relief; (3) the balance of equities tips in favor of inunction; and (4) that injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 292-93 (4th Cir. 2011). *See also Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted).

Based on the current record, Henry has failed to demonstrate that he will suffer irreparable harm absent preliminary injunction. This is so because he must show the complained-of harm is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "possibility of irreparable harm" will not suffice. *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Although the Court does not doubt Henry's suffering, the DPSCS medical records reflect that the medical staff is responding to his condition and complaints. Henry has received routine care in the CCC and has been referred for the very specialty consultations he seeks. *See* ECF No. 9-2. At this juncture, the Court cannot conclude that irreparable harm is likely or imminent, warranting preliminary injunctive relief.

For similar reasons, the Court cannot find that the balance of equities or the public interest favors injunction. To be sure, Henry is entitled to constitutionally adequate medical care; but so too must DPSCS have the flexibility to meet such medical needs without judicial interference unless demonstrably necessary.

3

Last, as to Henry's likelihood of success on the merits; this case is in its infancy. DPSCS has made a preliminary showing that it is providing what appears to be medically necessary care that renders it difficult to determine whether Henry will prevail on his constitutional claim. Thus, because Henry has not carried his burden as to the need for preliminary injunctive relief, the motion is denied.

**II.     The Complaint**

Henry proceeds in forma pauperis, and so the Court must screen the Complaint for sufficiency. 28 U.S.C. § 1915A(b). The Court takes the Complaint facts as true and most charitably to Henry. *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

The Complaint avers essentially that the denial or delay of adequate medical care has subjected Henry to extraordinary pain and suffering, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Such constitutional claims must be brought pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person ... to the deprivation of any rights[.]" 42 U.S.C. § 1983. Section 1983, therefore, requires the plaintiff to identify the person or persons whose acts or omissions caused the alleged deprivation of his rights. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Municipalities are "included among those persons to whom § 1983 applies if the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Monell* liability has been extended to private entities operating under color of state law, including private prison health care providers. *See, e.g.*, *West*, 487 U.S. at 49; *Polk Cnty. v. Dodson*, 454 U.S. 312, 320

(1981); *Rodriguez v. Smithfield Packing Co., Inc*., 338 F.3d 348, 355 (4th Cir. 2003); *Austin v. Paramount Parks, Inc*., 195 F.3d 715, 728 (4th Cir. 1999).  Accordingly, a medical provider may be held liable if the corporation performs functions otherwise reserved for a state actor and carries out those functions pursuant to a "custom, policy, or practice" that "violate[s] a plaintiff's constitutional rights." *Owens v. Balt. City State's Atty's Offc.,* 767 F.3d 379, 402 (4th Cir. 2014); *see Monell,* 436 U.S. 658.

The Complaint currently names as defendants only DPSCS and Maryland Division of Corrections.  It does not identify any particular provider or other individual who has denied Henry constitutionally adequate medical care.  Nor does the Complaint make plausible any liability under *Monell,* 436 U.S. at 690.  Based on this, the claim fails as a matter of law.

Additionally, the current Defendants are state agencies that are immune from suit under Eleventh Amendment to the United States Constitution.  The Eleventh Amendment immunizes a state, its agencies, and departments from citizen suits in federal court absent waiver, consent or Congressional action.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Because no such exceptions to Eleventh Amendment immunity apply, the Defendants are immune from suit.

Henry proceeds pro se.  Accordingly, the Court will grant him the opportunity to amend his Complaint to identify proper defendants and make clear what he contends each defendant has done to violate his constitutional rights.  *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).  In the Amended Complaint, Henry, at a minimum, must identify the individuals whose acts or omissions caused him harm; the dates any such incidents or deprivations took place; and state all the facts supporting the claim.  The Amended Complaint should also make clear the specific constitutional rights of which Henry was allegedly deprived.

Furthermore, the Amended Complaint must conform to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires that the complaint include a short and plain statement of the claim that shows the plaintiff is entitled to relief such that the defendant is fairly placed on notice of the claim and the "grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(d)(1) commands that complaint allegations must be "simple, concise, and direct." A complaint that includes only conclusions, labels, or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, Rule 10(a) requires that the complaint identify each defendant allegedly responsible for the wrongdoing. *See* Fed. R. Civ. Proc. 10(a).

Henry is also reminded that the Amended Complaint will replace the original Complaint. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Henry must include all allegations against each of the defendants he names so that the amended complaint stands alone as the sole complaint in this action to which defendants must answer. Last, Henry is warned that failure to file an Amended Complaint consistent with this Order may result in the dismissal of the case with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If Henry, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

**III.     Conclusion**

For the foregoing reasons, Henry has failed to demonstrate his entitlement to injunctive relief in this matter, so his Motion is denied. Henry will be afforded an opportunity to file an Amended Complaint as directed herein. A separate order follows.

Dated: June 26, 2023

/S/
_____
Paula Xinis
United States District Judge